**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WILFREDO PIZARRO-DAVILA, | No. 13-70677 |
| Petitioner, | Agency No. A029-218-870 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 4, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

Wilfredo Pizarro-Davila, a native and citizen of Peru, petitions for review of

a decision of the Board of Immigration Appeals ("BIA") denying his applications

for asylum, withholding of removal, and protection under the Convention Against

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Torture. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

I

The BIA did not err when it refused to extend the briefing schedule of his appeal. The briefing deadlines for an appeal to the BIA are defined by regulation, which provides "[t]he Board . . . may extend the period for filing a brief . . . for good cause shown. In its discretion, the Board may consider a brief that has been filed out of time." 8 C.F.R. § 1003.3(c)(1). We review the BIA's management of the briefing schedule under § 1003.3(c)(1) for abuse of discretion. *See Zetino v. Holder*, 622 F.3d 1007, 1012–13 (9th Cir. 2010). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law." *Id.* (internal quotation marks omitted). The BIA did not act arbitrarily, irrationally, or contrary to law when it refused Pizarro-Davila's second motion to extend the briefing schedule and denied his motion to reconsider. His attorney's health issues do not show the BIA abused its discretion, as the BIA followed its own operating procedures and warned Pizarro-Davila that successive motions to extend the briefing schedule are disfavored, advising him that he "should assume that you will not be granted any further extension." Further, the BIA's denial of Pizarro-Davila's motions did not

2

deny him due process, as the BIA's decision properly articulated and considered his arguments. *See Zetino*, 622 F.3d at 1014.

## II

The BIA did not err in affirming the immigration judge's determination that Pizarro-Davila's asylum application was time barred. Pizarro-Davila contends that his failure to timely file his asylum application was attributable to ineffective assistance by his prior counsel. Even if his counsel's performance was deficient, Pizarro-Davila cannot demonstrate he was prejudiced by his counsel's performance because he was previously denied asylum in Immigration Court and is therefore statutorily ineligible for asylum. *See* 8 U.S.C. § 1158(a)(2)(C); *Mohammed v. Gonzales*, 400 F.3d 785, 793–94 (9th Cir. 2005) ("[T]he petitioner must demonstrate . . . she was prejudiced by counsel's performance. . . . [such that] it *may* have affected the outcome of the proceedings.")[1]

## III

Pizarro-Davila contests the BIA's agreement with the immigration judge's conclusion that he is ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3). To qualify for withholding, the applicant bears the burden to

---

[1] In light of our holding, Pizarro-Davila's motion for judicial notice is denied as moot.

demonstrate a clear probability of future persecution on account of one of the statutorily enumerated grounds. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). Pizarro-Davila's position in this petition for review does not contest the BIA's decision affirming the immigration judge's determination that he did not establish that the harm he experienced in Peru was because of one of the five protected statutory grounds. This issue is therefore waived. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

**PETITION DENIED.**